IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWEST DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CURTIS C. DAVIS d/b/a DAVIS CONTRACTING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PERSONS SERVICE COMPANY, LLC; BYRD BROTHERS EMERGENCY SERVICES, LLC; AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>)   NO. 4:12-cv-153<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT BYRD BROTHERS EMERGENCY SERVICES, LLC TO PLAINTIFF CURTIS C. DAVIS d/b/a DAVIS CONTRACTING COMPANY'S COMPLAINT**

Byrd Brothers Emergency Services, LLC ("Byrd") answers the Complaint ("Complaint") of Use-Plaintiff Curtis C. Davis d/b/a Davis Contracting Company ("Davis") as follows.

**ANSWER TO SPECIFIC ALLEGATIONS**

Byrd answers each of the numbered paragraphs of the Complaint as follows:

**PARTIES**

1. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 1; therefore, such averments are denied.

2. Byrd admits the averments of Complaint Paragraph 2.

3. Byrd admits the averments of Complaint Paragraph 3.

4. Byrd admits the averments of Complaint Paragraph 4.

1

**JURISDICTION AND VENUE**

5.      These allegations relate to jurisdiction for which no response is required; if one is required then these averments are denied.

6.      Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 6; therefore, such averments are denied

7.      Byrd admits the averments of Complaint Paragraph 7.

8.      Byrd admits the averments of Complaint Paragraph 8.

**FACTUAL ALLEGATIONS**

<u>The Project and Travelers' Bond</u>

9.      Byrd admits the averments of Complaint Paragraph 9.

<u>Davis' Verbal Contract with Byrd</u>

10.     Byrd admits to have worked with Davis on previous projects. Byrd denies the remaining averments of Complaint Paragraph 10.

11.     Byrd admits to hiring Davis as a subcontractor on the Project. Byrd denies any remaining averments of Complaint Paragraph 11.

12.     Byrd admits to entering into an oral contract with Davis regarding the installation of storm drain pipes and culverts. Byrd denies the remaining averments of Complaint Paragraph 12.

13.     Byrd admits to entering into a contract with Davis. Byrd avers that the contract speaks for itself. Byrd denies the remaining allegations of Complaint Paragraph 13.

14.     Byrd avers that the contract with Davis speaks for itself. Byrd denies the remaining averments of Complaint Paragraph 14.

15.     Byrd denies the averments of Complaint Paragraph 15.

16. Byrd avers that the contract with Davis speaks for itself.  Byrd denies all remaining averments of Complaint Paragraph 16.

17. Byrd admits to issuing change orders.  These change orders speak for themselves.  Byrd admits to assessing backcharges against Davis.  Byrd denies owing Davis $212,941.00.  Byrd denies the remaining averments of Complaint Paragraph 17.

18. Byrd denies the averments of Complaint Paragraph 18.

19. Byrd admits to making three advances but denies owing Davis any additional amounts.  Byrd denies all remaining averments of Complaint Paragraph 19.

20. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 20; therefore, such averments are denied.

## Davis' Written Contract with Persons

21. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 21; therefore, such averments are denied.

22. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 22; therefore, such averments are denied.

23. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 23; therefore, such averments are denied.

24. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 24; therefore, such averments are denied.

25. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 25; therefore, such averments are denied.

26. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 26; therefore, such averments are denied.

27. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 27; therefore, such averments are denied.

28. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 28; therefore, such averments are denied.

29. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 29; therefore, such averments are denied.

30. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 30; therefore, such averments are denied.

31. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 31; therefore, such averments are denied.

## CLAIM NO. 1: BREACH OF CONTRACT BY BYRD

32. Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 31 stated above as if fully set forth herein.

33. Byrd admits the averments of Complaint Paragraph 33.

34. Byrd denies the averments of Complaint Paragraph 34.

35. Byrd denies the averments of Complaint Paragraph 35.

36. Byrd denies the averments of Complaint Paragraph 36.

## CLAIM NO. 2: MILLER ACT CLAIM AGAINST TRAVELERS' BOND ON DAVIS' CONTRACT WITH BYRD

37. Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 36 stated above as if fully set forth herein.

38. Byrd admits that Travelers Casualty and Surety Company of America ("Travelers") was Byrd's surety and provided a payment bond as illustrated by Exhibit C to the

Complaint. Byrd denies liability to Davis under the bond. Byrd denies all remaining averments of Complaint Paragraph 38.

39. Byrd admits that the payment bond provides the United States Army Corps of Engineers and the United States with assurance of payment for qualified persons supplying labor and materials. Byrd avers the Miller Act speaks for itself. Byrd denies all remaining averments of Complaint Paragraph 39.

40. Byrd admits the averments of Complaint Paragraph 40.

41. Byrd denies the averments of Complaint Paragraph 41.

42. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 42; therefore, such averments are denied.

43. Byrd denies the averments of Complaint Paragraph 43.

44. Byrd admits to receiving notice of Davis' demand but denies that any payments are due. Byrd denies all remaining averments of Complaint Paragraph 44.

45. Byrd denies the averments of Complaint Paragraph 45.

46. Byrd denies the averments of Complaint Paragraph 46.

## Claim No. 3: Unjust Enrichment by Byrd

47. Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 46 stated above as if fully set forth herein.

48. Byrd admits that Davis has asserted a claim for unjust enrichment. Byrd denies all remaining averments of Complaint Paragraph 48.

49. Byrd denies the averments of Complaint Paragraph 49. Byrd maintains that Davis has been paid in full for work performed.

50. Byrd denies the averments of Complaint Paragraph 50.

## Claim No. 4: Breach of Contract by Persons

51.     Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 50 stated above as if fully set forth herein.

52.     Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 52; therefore, such averments are denied.

53.     Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 53; therefore, such averments are denied.

54.     Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 54; therefore, such averments are denied.

55.     Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 55; therefore, such averments are denied.

## CLAIM NO. 5: MILLER ACT CLAIM AGAINST TRAVELERS' BOND ON DAVIS' CONTRACT WITH PERSONS

56.     Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 55 stated above as if fully set forth herein.

57.     Byrd admits that Travelers was its surety for the Project.  Byrd admits that qualified subcontractors may seek payment pursuant to the Miller Act.  Byrd is without sufficient knowledge or information to admit or deny the remaining averments of Complaint Paragraph 57; therefore, such averments are denied.

58.     Byrd admits that the payment bond provides the United States Army Corps of Engineers and the United States with assurance of payment for qualified persons supplying labor and materials.  Byrd avers the Miller Act speaks for itself.  Byrd denies all remaining averments of Complaint Paragraph 58.

59. Byrd admits to entering into a contract with Persons Service Company, LLC ("Persons"). Byrd is without sufficient knowledge or information to admit or deny the remaining averments of Complaint Paragraph 59; therefore, such averments are denied.

60. Byrd denies the averments of Complaint Paragraph 60.

61. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 61; therefore, such averments are denied.

62. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 62; therefore, such averments are denied.

63. Byrd admits to receiving notice of Davis' demand but denies that any payments are due. Travelers denies all remaining averments of Complaint Paragraph 63.

64. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 64; therefore, such averments are denied.

65. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 65; therefore, such averments are denied.

<b><u>Claim No. 6: Unjust enrichment by Persons</u></b>

66. Byrd reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 65 stated above as if fully set forth herein.

67. Byrd admits that Davis has asserted a claim for unjust enrichment. Byrd denies all remaining averments of Complaint Paragraph 67.

68. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 68; therefore, such averments are denied.

69. Byrd is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 69; therefore, such averments are denied.

70. Any other allegations in the Complaint, not heretofore admitted or denied, are hereby denied.

## AFFIRMATIVE DEFENSES

Byrd asserts the following affirmative defenses to the Complaint.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Davis' action is barred in whole or in part by Byrd's payment.

3. Byrd's liability to Davis is limited both by Byrd's contract with Persons and by Persons' Subcontract with Davis.

4. Davis has waived its right to additional payments by continued performance knowing what Byrd believed were the oral agreements.

5. Davis failed to perform its Subcontract obligations; therefore its action is barred by failure of consideration.

6. Davis' action is barred in whole or in part by estoppel.

7. Davis' action is barred by the equitable doctrine of unclean hands.

8. Davis' action is barred by the equitable doctrine of laches.

9. Davis has failed to properly allege amounts owed to it under the Miller Act.

10. Persons' and Davis' respective rights and obligations are governed and limited by the Contract.

11. Neither Byrd nor Persons ever agreed to the payment amounts now being claimed due by Davis.

12. Conditions precedent to any payment obligation by Persons have not yet occurred as required by the Contract.

13. Conditions precedent to any payment obligation by Byrd have not yet occurred.

14.      Davis' action against Byrd is barred by the statute of frauds.

15.      Any amounts owed by Persons are offset by claims of Byrd.

## COUNTERCLAIM

1.      When performing its work on the project which is the subject of this suit, Davis used equipment and payroll funds for its work that was provided by Byrd.

2.      Attached at Exhibit No. 1 is one of Byrd's notices of these unpaid amounts that were provided to Davis.

3.      Davis never paid for the equipment and payroll funds.

4.      Davis owes Byrd the amount of $240,268.70.

WHEREFORE, Byrd respectfully:

A. Denies Davis' claims for damages;

B. Denies Davis' claims against the payment bond;

C. Denies Davis' claim for costs, disbursements, and fees, including reasonable attorney's fees;

D. Denies Davis' claim for any other relief that the Court deems just and proper;

E. Award Byrd the amount of $240,268.70 plus any applicable interest and attorneys' fees; and

F. Prays that the Court enter judgment in favor of Byrd and against Davis, that the Court grant such other and further relief as it deems just and proper, and that all costs of this action be taxed against Davis.

Respectfully submitted this 28th day of November, 2012.

        SMITH, CURRIE & HANCOCK LLP

        /s/ Lochlin B. Samples
        Lochlin B. Samples
        245 Peachtree Center Avenue, N.E.
        Suite 2700 Marquis One Tower
        Atlanta, Georgia   30303-1227
        Telephone:     404-521-3800
        Facsimile:      404-688-0671

        *Attorneys for Defendants Persons Service Company, LLC, Byrd Brothers Emergency Services, LLC, and Travelers Casualty and Surety Company of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2012 the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMOF DEFENDANT BYRD BROTHERS EMERGENCY SERVICES COMPANY, LLC TO PLAINTIFF DAVIS CONTRACTING COMPANY'S COMPLAINT** was filed and served electronically via the Court's CM/ECF system, which will automatically serve Notice of Electronic Filing to the following:

>Christopher J. Nyhus
>Pearce & Durick
>314 East Thayer Avenue
>Post Office Box 400
>Bismark, North Dakota 58502-0400
>cjn@pearce-durick.com

This 28th day of November, 2012.

>/s/ Lochlin B. Samples
>Lochlin B. Samples
>Smith, Currie & Hancock LLP
>245 Peachtree Center Avenue, N.E.
>Suite 2700 Marquis One Tower
>Atlanta, Georgia   30303-1227
>
>*Attorneys for Defendants Persons Service Company, LLC, Byrd Brothers Emergency Services, LLC, and Travelers Casualty and Surety Company of America*